## Peck Lumber Manufacturing Co. v. Home Roofing and Siding Co.

*Mott Peck*, for plaintiff.
*John P. Mahon*, for defendant.

HOBAN, P. J., December 13, 1948.—This is an action in assumpsit for goods sold and delivered. The preliminary objections consist of a motion to strike off the complaint for alleged failure to plead separate

causes of action in separate counts; a demurrer to the paragraphs pleading one of the sales for insufficient compliance with the statute of frauds section of The Sales Act, and a request for a more specific complaint.

The complaint avers in series three separate sales of lumber, one for $300, the second for $780, and the third for $11.50.

In the first sale delivery to Root & Powell, a lumber milling company, by order of defendant, with subsequent redelivery to defendant is averred.

In the second sale, delivery to Root and Powell by direction of defendant and receipt by Root and Powell is averred, but no subsequent delivery or physical acceptance by defendant is claimed.

In the third sale, direct delivery to and acceptance by defendant is averred.

We consider that the appropriate paragraphing of the complaint sufficiently complies with Pa. R. C. P. 1020($a$), for the pleading clearly sets forth three separate and unrelated contracts of sale, conceded by plaintiff at the argument and by brief to be oral agreements. We cannot agree with plaintiff's contention that the three transactions constitute a single action of debt, for such a position would import a single or special obligation or promise, obviously a position inconsistent with this pleading: Blackstone, III, 154.

Hence, the pleading of each contract may be separately challenged.

Defendant demurs to the averments as to the second sale for failure to exhibit compliance with The Sales Act of May 19, 1915, P. L. 543, sec. 4, as amended, 69 PS §42. Defendant contends that the delivery to, and acceptance by, Root and Powell is not equivalent to actual receipt by defendant unless some relationship of agency is pleaded. But who should know the relationship if not defendant? The demurrer admits, for argu-

ment sake, that delivery to Root and Powell was made by defendant's order, so in the absence of other explanation, agency is implied, and delivery to an authorized agent is equivalent to receipt by the principal. If the situation is otherwise, defendant may raise the issue by appropriate answer.

Since plaintiff concedes that the transactions were separate oral orders, there is no need for a more specific statement as to the nature of the claim. As to the first and third sales, the averment of receipt by defendant is specific enough, and as to the second sale, the implication of receipt by agent is sufficiently specific to call for a responsive answer.

Now, December 13, 1948, the preliminary objections to the complaint are overruled, defendant to plead over within 15 days.